```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,

                    Plaintiff,
                                            ORDER
          -against-                         01-MJ-1728(JS)

STORAGE ROOM NUMBERS, et al.,

                    Defendants.
-------------------------------------X
```

SEYBERT, District Judge:

On January 10, 2020, Khalid Awan ("Awan"), who is proceeding pro se, filed a motion to unseal an affidavit submitted in support of the application for a search warrant of his storage lockers pursuant to Federal Rule of Criminal Procedure 49.1(d). (Mot., ECF No. 3.) The Government does not oppose the motion but requests that the Court redact limited portions of the affidavit. (Gov't Opp., ECF No. 8.) For the reasons that follow, the motion is GRANTED in part and DENIED in part.

BACKGROUND

The Court takes judicial notice and incorporates the facts relevant to the motion as set forth in orders by United States District Judge Lorna G. Schofield in In re United States for Material Witness Warrant (Awan I), 436 F. Supp. 3d 768, 770 (S.D.N.Y. 2020) and In re United States for Material Witness

1

Warrant (Awan II), No. 19-MC-0447,[1] 2020 WL 3959208, at *1-2 (S.D.N.Y. July 13, 2020). By way of background, Judge Schofield summarized the following when considering an application to unseal the affidavit supporting Awan's detention as a material witness pursuant to 18 U.S.C. § 3144 (the "Material Witness Warrant Affidavit"):

> After the terrorist attack in New York City on September 11, 2001, the President of the United States issued a directive to arrest and detain any person related to the attack. The Government has stated that between forty and fifty persons were detained pursuant to 18 U.S.C. § 3144, which permits the detention of persons for the purposes of ensuring that they can act as material witnesses in criminal proceedings. [On October 25, 2001, Awan] was detained under § 3144 [in the Southern District of New York] . . . to testify before a grand jury, which he did for approximately four hours. [Awan] was prosecuted twice and served nineteen years in prison. He was then deported to Canada as he is a Canadian citizen.

Awan I, 436 F. Supp. 3d at 770; (see also Gov't Opp. at 1.) As relevant here, on or around October 29, 2001, the Federal Bureau of Investigation ("FBI") applied for a search warrant to search two storage lockers belonging to Awan. (Mot. at 1, ¶ 1; Gov't Opp. at 1.) In support of the application, the Government submitted an affidavit setting forth the factual basis for the

---

[1] For ease of reference, citations to the "S.D.N.Y. Docket" refer to documents filed in Case No. 19-MC-0447 (S.D.N.Y.) before Judge Schofield.

2

search warrant (the "Search Warrant Affidavit"). The Search Warrant Affidavit remains under seal.

In 2014, Awan challenged the FBI's responses to his requests for the Search Warrant Affidavit and the Material Witness Warrant Affidavit, among other documents, under the Freedom of Information Act ("FOIA"). See Awan v. U.S. Dep't of Justice (Awan III), 10 F. Supp. 3d 96, 100 (D.D.C. 2014), vacated in part on other grounds, 46 F. Supp. 3d 90 (D.D.C. 2014). There, the court granted summary judgment to the FBI, finding that it did not improperly withhold the Search Warrant Affidavit because Magistrate Judge William D. Wall of this Court clarified the "sealing order . . . was intended to prohibit the disclosure of sealed documents, including the FBI affidavit, under the [FOIA]." Id. at 106 (second alteration in original) (internal quotation marks and citation omitted); (see also July 22, 2013 Order, ECF No. 2.) The court also observed that Awan "may seek to unseal the documents by filing a motion in the Eastern District of New York and, if successful, submit a new FOIA request to the agency." Awan III, 10 F. Supp. 3d at 106 n.7.

By application dated September 18, 2019, Awan filed a request in the Southern District of New York to unseal and review the Material Witness Warrant Affidavit. (Material Witness Warrant App., S.D.N.Y. Docket, ECF No. 1.) There, the Government "agreed to unseal some portions of the [Material Witness Warrant

3

Affidavit], but reasserted that other portions are grand jury information and should remain under seal." Awan II, 2020 WL 3959208, at *1. On January 29, 2020, Judge Schofield issued an Opinion and Order and concluded, generally, that the Material Witness Warrant Affidavit did not contain grand jury information and directed the Government to submit additional evidence regarding its request to keep information under seal. See Awan I, 436 F. Supp. 3d at 771-72. After additional briefing, on July 13, 2020, Judge Schofield issued an Order granting in part and denying in part Awan's application to unseal the Material Witness Warrant Affidavit. See generally Awan II. First, the court found that the proposed redactions did not contain grand jury information. Id. at *4. Next, the court allowed the Government to keep the affiant's name and facts that could reveal witnesses' identities under seal because the "privacy interest in this information is greater than the interest in disclosure." Id. However, "[t]here [was] no apparent privacy interest to justify the continued non-disclosure of" the remaining proposed redactions that state "general facts that d[id] not directly or indirectly reveal witness identities." Id. at *5. Accordingly, on July 24, 2020, the Government provided Awan and the public S.D.N.Y. Docket with copies of the Material Witness Warrant Affidavit, with limited redactions as directed by Judge Schofield. (See Material Witness Warrant Affidavit (Redacted), S.D.N.Y. Docket, ECF Nos. 24 and 24-1.)

4

DISCUSSION

I.  Legal Standard

"The common law right of public access to judicial documents is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (citation omitted). A document is a "judicial document" if the item is "relevant to the performance of the judicial function and useful in the judicial process." Id. (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)). "Once the court has determined that the documents are judicial documents and that . . . a common law presumption of access attaches," the court must balance "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts" against the interest in non-disclosure, which can include "the danger of impairing law enforcement or judicial efficiency" or "the privacy interests of those resisting disclosure." Id. at 119-20 (quoting United States v. Amodeo, 71 F.3d 1044, 1049-50 (2d Cir. 1995)).

Moreover, "the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" Id. at 120 (quoting Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004)). This right attaches when the documents "have historically been open to the press and general public" and the "particular [judicial] process

5

in question" is furthered by public access. Id. (quoting Hartford Courant, 380 F.3d at 91). The right may also attach when documents are "derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings." Id. (alteration in original) (quoting Hartford Courant, 380 F.3d at 93).

## II. Analysis

By motion dated January 10, 2020, Awan asks this Court to unseal the Search Warrant Affidavit. (See Mot.) The Government does not oppose the request but asks that the Court redact certain identifying information -- namely, the affiant, witness descriptions, and/or details regarding witnesses. In other words, the Government asks to redact "the same information that is being maintained under seal" in the Material Witness Warrant Affidavit by the Southern District of New York. (Gov't Opp. at 3.)

As a preliminary matter, the Search Warrant Affidavit is a judicial document "for the purpose of analyzing the applicability of the common law presumption of access and the First Amendment right of access." In re Search Warrant, No. 16-MJ-7063, 2016 WL 7339113, at *2 (S.D.N.Y. Dec. 19, 2016). Next, the Court conducted an in camera review of the Material Witness Warrant Affidavit and the Search Warrant Affidavit and agrees with the Government that "the information included in the [Search Warrant A]ffidavit" is "substantially the same" as the information included in the Material Witness Affidavit. (Gov't Opp. at 2; id. at 3 n.2 (noting

6

that the Government provided the Court, ex parte and under seal, copies of the approved redactions of the Material Witness Warrant Affidavit and proposed redactions of the Search Warrant Affidavit).) Accordingly, for the reasons articulated by Judge Schofield in Awan II, which reasons are incorporated herein, the motion to unseal the Search Warrant Affidavit is GRANTED in part and DENIED in part.

Indeed, the Government's proposed redactions include the affiant's name, witnesses' names, and/or detailed facts about witnesses that could reveal their identities.[2] See Awan II, 2020 WL 3959208, at *4. These redactions are sufficiently and narrowly

> [T]ailored to protect only the identities of the affiant and the witnesses. The redactions therefore do not substantially undermine the public interest in disclosure. Second, and relatedly, identifying the affiant or the witnesses would not significantly contribute to the public interest in disclosure, as this information is not substantially relevant to understanding on what basis the Government obtained the material witness warrant. . . . The privacy interest in the affiant's name and the redactions in paragraphs [16] and [18] is therefore greater than the public interest in its disclosure, and this information may remain under seal.

Id. Further,

> [t]he qualified First Amendment right to attend judicial proceedings and to access

---

[2] The Government also proposes to redact the name of the Magistrate Judge who signed the Search Warrant Affidavit. Given the public nature of this information, the Court declines to keep the name of the Magistrate Judge under seal.

7

> certain judicial documents does not mandate disclosure of the affiant's name and the redactions in paragraphs [16] and [18] because the [Search Warrant] Affidavit was not used in a public proceeding and there is no traditional right of public access to [such] materials and proceedings, which are conducted in camera.

Id. (collecting cases).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Awan's motion (ECF No. 3) is GRANTED in part and DENIED in part; and

IT IS FURTHER ORDERED that within fourteen (14) days of this Order, the Government shall (1) file the Search Warrant Affidavit to the docket, solely redacting the affiant's name and the information proposed by the Government in paragraphs 16 and 18; and (2) mail a copy of this Order and the redacted Search Warrant Affidavit to Awan, who is proceeding pro se, and file proof of service to the docket; and

IT IS FURTHER ORDERED that the materials provided to the Court ex parte and under seal shall remain under seal; and

IT IS FURTHER ORDERED that this matter remains CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February  25 , 2021
       Central Islip, New York

8